This appeal involves a collision between two automobiles. The locus of the accident was Canal and St. Charles Streets. Canal Street, which runs from the river toward the lake, is the main thoroughfare of New Orleans, and in its center is an extremely wide paved neutral ground, upon which street cars are operated. St. Charles Street runs at a right angle from Canal Street toward uptown. Royal Street is opposite St. Charles, and runs from Canal toward downtown. Traffic travels only in an uptown direction on both Royal and St. Charles Streets.
Vehicular and pedestrian traffic traversing this very busy intersection is controlled by a semaphore signal light, which was being automatically operated at the time of the accident.
Plaintiff, who had been driving on Canal Street toward the river, stopped his automobile at about St. Charles Street pursuant to a red light signal, but for some reason, instead of stopping exactly at the intersection, the front end of plaintiff's automobile came to rest on the rail track, which curves from the extreme uptown side of the neutral ground and which accommodates street cars making a right turn from Canal Street into St. Charles. Street cars making this right turn do so on a red light.
William A. Walker, Jr., a police officer on duty at the intersection, observed that the pathway of a street car, which intended to turn right into St. Charles Street, was impeded by the location of plaintiff's automobile. Notwithstanding that the green light was then showing for traffic crossing the neutral ground, the officer blew his whistle and signaled manually for that traffic to come to a stop, and then beckoned to plaintiff to drive his automobile from the car track and to continue on across St. Charles Street. Pursuant to the officer's manual stop signal, one or more automobiles stopped on the neutral ground, and plaintiff started his car forward; it had gone just a short distance when it collided with an automobile owned by William G. Clasen and driven by his wife, which had travelled from Royal Street across the neutral *Page 535 
ground. The left front part of plaintiff's automobile contacted the right front part of the Clasen car.
Plaintiff, Marquis, brings this suit against the insurer of the Clasen automobile for $369.28, representing damages sustained by his automobile and the deprivation of its use whilst repairs were being made. The driver of the Clasen car is charged with negligence in failing to obey the police officer's stop signal, and in failing to respect plaintiff's right to proceed safely across St. Charles Street.
Defendant denied negligence on the part of Mrs. Clasen, and alternatively charged that the accident was occasioned by contributory negligence on the part of plaintiff. Plaintiff, after a trial of the merits of the case, recovered judgment for $161.40, representing the cost of repairs to his automobile. Defendant has taken this appeal.
The accident happened on the night of November 27, 1947, at about seven o'clock. Officer Walker, who was standing alongside the automatic signal control box, noticing the position of plaintiff's car on the track blocking the path of the trolley car, stepped into the middle of the intersection and gave the aforementioned manual signals. According to his testimony, three or four automobiles traversing the neutral ground stopped, and he motioned to plaintiff to drive forward, Walker then turned his attention to the river-side pedestrian lane on Canal Street to see that no pedestrians were in the path of the Marquis car, and consequently he did not witness the collision.
The import of plaintiff's testimony is that the officer was standing in the middle of the street; that one car came to a stop pursuant to his signals; and that plaintiff, believing all other traffic crossing the intersection would also stop, proceeded forward with his automobile, which was then struck by the Clasen car. Mrs. Marquis, who was riding alongside her husband, did not notice exactly where Walker was standing when he beckoned to her husband.
The Clasen car left Royal Street on the green light, its driver intending to cross the intersection and proceed towards uptown on St. Charles. Mrs. Clasen and her passenger, a Miss Tusson, testified that at no time while negotiating the intersection did they see the officer, nor did they notice any cars stopped on the neutral ground.
Counsel for appellant argue that Walker was in such a position that he could not have been seen by Mrs. Clasen, and that she, therefore, was not negligent in failing to stop. Counsel cite several cases, in effect holding that under the traffic light system a motorist who is proceeding upon the proper signal should not be held to the same high degree of care and vigilance as if no such system prevailed, and contend that because of Mrs. Clasen's inability to observe the manual signals of the officer she was within her rights in deeming her passageway safe and proceeding across the intersection in accordance with the semaphore light signal which was then in her favor.
However, the conflict in the testimony as to the position of Walker was resolved by the judge a quo, who, in written reasons for judgment, found that Walker was standing at a place where Mrs. Clasen could have seen him had she looked, as other drivers had seen him and had stopped their cars on the neutral ground in obedience to his signals. We perceive no error in this finding of fact by our brother below, and there is nothing in the record that tends to lead us into disagreement with him. It cannot be doubted that any person failing or refusing to comply with any lawful order or direction given by a police officer is guilty of negligence, notwithstanding that such order or direction may be at variance with a signal shown by a semaphore light. Sight cannot be lost of the fact that traffic at times becomes congested and emergencies are prone to manifest themselves, and that it is the office of the police to take charge of the situation, notwithstanding existing light signals, and to direct traffic in the best interests of public safety.
We now turn to the plea of contributory negligence. Counsel contend that the record abounds with evidence demonstrating plaintiff's negligence, and particularly direct our attention to the statement of plaintiff that he did not look across the Canal Street neutral ground before starting, and also to Mrs. Marquis' statement *Page 536 
that she saw the Clasen automobile when it first entered the downtown traffic lane of Canal Street and warned her husband to come to a stop.
We fail to see, after considering the peculiar circumstances prevailing in this case, why plaintiff should be branded with contributory negligence. An emergency existed — plaintiff's automobile blocked the street car track and necessitated the police officer taking command of the situation at the intersection. Plaintiff, who was specifically ordered to proceed ahead, observed that one automobile had come to a stop on the neutral ground in compliance with Walker's signals. He had the right to assume that other traffic would do likewise, and we do not believe that negligence should attach to him because of his failure to anticipate that Mrs. Clasen would disobey the officer's signals.
Plaintiff recovered for the amount of damages sustained by his automobile, which is not disputed, and for the reasons assigned the judgment appealed from is affirmed.
Affirmed. *Page 655