YARRUT, Judge.
Plaintiff filed this suit, individually and on behalf of his minor children, to recover damages for the instant death of his wife and mother of his children, resulting from an automobile accident on December 15, *518 1960. Defendants (driver and his liability insurer) answered and denied the accident was caused by the negligence of Defendant driver; and, alternatively pleaded contributory negligence of the deceased wife and mother. Reference in the singular to Defendant herein will be to the driver.
From a judgment in favor of both Defendants, Plaintiff, individually and on behalf of his minor children, has filed this appeal.
The accident occurred about 8:20 a. m., December 15, 1960, at the intersection of Airline Highway and Manson Street, Jefferson Parish. Airline Highway has two opposing roadways, each with three lanes of traffic, separated by a five-foot neutral ground. Manson Street is a paved, two-way roadway which intersects Airline Highway at a right angle. The only permanent traffic control at the intersection is a “stop” sign facing traffic on Manson Street, and “school zone” signs limiting speed to fifteen miles per hour. At the time of the accident school zone hours were in effect, and Jefferson Parish had a customary deputy sheriff stationed at the intersection to regulate traffic.
Immediately preceding the accident, and in obedience to the signal of the deputy sheriff, all traffic had come to a complete halt at the intersection on both Airline Highway and Manson Street. On Airline Highway the vehicles in all three in-bound New Orleans traffic lanes, and in two outbound traffic lanes, except the lane next to the neutral ground, were blocked by vehicles stopped in obedience to the deputy’s orders. Defendant’s vehicle was stopped .first in line on Manson Street at the “stop” sign.
The school deputy first escorted school children across Airline Highway to the lake side and, observing Defendant’s car stopped on Manson Street, signalled Defendant to cross the intersection. In obedience to the deputy’s signal, Defendant safely traversed the first two lanes of traffic but, while his vehicle was in the left or neutral-ground, out-bound traffic lane of Airline Highway, it was struck broadside by the Sutter automobile travelling toward Baton Rouge at twenty miles per hour. Before it could reach the intersection, the Sutter vehicle had to pass six (6) vehicles, the first two of which were large trucks, stopped tandem in the adjoining center lane; and also had to pass vehicles stopped in the outer or right-hand lane of traffic.
The speed of the Sutter vehicle was stipulated as approximately twenty (20) miles per hour, while the school zone limit was fifteen (15).
The Louisiana Highway Regulatory Act requires traffic to obey orders of a police officer at an intersection, regardless of what signals or signs are posted at the intersection.
LSA-R.S. 32:56(A) provides:
“No person shall fail or refuse to comply with any lawful order or direction of any police officer invested by law with authority to direct, control or regulate traffic.”
LSA-R.S. 32:231(A) provides:
“The driver of any vehicle shall obey the instructions of any official traffic-control device applicable thereto placed in accordance with the provisions of this Chapter, unless otherwise directed by a traffic or police officer * *
While directions of a traffic officer do not completely relieve a motorist of all obligations, where the testimony shows clearly that the Defendant motorist moved forward in compliance with the directions of the traffic officer at a slow speed and “in a careful and prudent manner * * ”, he cannot be charged with contributory negligence under LSA-R.S. 32:56 and 32:231. Marquis v. Hartford Accident & Indemnity Co., La.App., 40 So.2d 534; McCain v. Tatman, La.App., 53 So.2d 187.
*519 The district court gave the following reasons inter alia for his judgment dismissing Plaintiff’s suit:
“ * * * All movement of traffic had been stopped in five (5) of the six (6) traffic lanes, and Mrs. Sutter was required to pass six (6) automobiles in the center lane before reaching the intersection. This unusual condition in a school zone area should have immediately alerted Mrs. Sutter that some activity in the intersection had necessitated the halting of the flow of traffic, and she was, therefore, obligated to have her automobile under maximum control and to exercise the highest degree of caution in its operation. She was required to apprise herself of the traffic conditions in the intersection before attempting to traverse it. This duty became all the more critical, in view of the use of the highway by the school children as a cross-way. Under the circumstances, as a careful and prudent driver, she should have been prepared to come to a complete stop when she drew abreast of the intersection, to conform with the existing traffic pattern at the moment. None of the witnesses either heard or saw anything to indicate that Mrs. Sutter ever applied her brakes. Obviously, she did not stop at the intersection, and the location of the physical damages confirm that the defendant had already occupied the left lane when' his vehicle was struck on its side by the front of the plaintiff’s car.
“The complete immobilization of traffic on the Airline Highway should have placed Mrs. Sutter on notice that some unusual condition existed, which changed or altered the right of way status normally accorded to this major traffic artery.
* * *. * * *
“The Court can only conclude that Mrs. Sutter failed to act as a reasonable and prudent person under the circumstances, and that her negligence was one of the direct, efficient and concurrent causes of the accident.”
The doctrine of the last clear chance, urged by Plaintiff, is inapplicable here. Defendant was crossing in front of stopped traffic under orders of a traffic officer, and could not possibly have seen Mrs. Sutter approaching the intersection since she was screened by vehicles stopped to her right in both the center and third lanes. School children, as well as Defendant, could just as well have been crossing at the time under direction of the deputy sheriff.
 We cannot agree that Defendant was guilty of contributory or concurrent negligence. However, as Mrs. Sutter was guilty of negligence directly contributing to the accident, Plaintiff cannot recover individually or on behalf of the children. The judgment of the district court is affirmed; Plaintiff to pay all costs in both courts.
Judgment affirmed.