LEAR, Judge.
An accident occurred on June 6, 1978, near noon, at the intersection of Louisiana Highway 1 (LA-1) and Louisiana Highway 989-2 (LA-989-2) at Brusly, Louisiana. LA-1 is a four lane highway with two left turn lanes for northbound and southbound traffic. LA-989-2 is a two lane highway.
Immediately prior to the accident, plaintiff, Ernest C. Goff (Goff) was driving a pickup truck on LA-1 in a northerly direction and defendant, Melba T. Sarradet (Sarradet), was stopped on LA-989-2 near the intersection intending to proceed through the intersection in an easterly direction.
At some time prior to the collision between the vehicles being operated by plaintiff and defendant, a tractor-trailer truck had attempted a turn from LA-1 onto LA-989-2 and ended up partially in a ditch blocking a railroad track that parallels LA— 1. Goff had previously passed this intersection a little earlier and was aware of the problem created by the tractor-trailer. As Goff again approached the intersection at 35 to 45 miles per hour, he had a green light. The record also reveals that several vehicles were stopped in the left turn lane immediately to his left, partially blocking his view of the intersection. He also saw Officer Jarreau directing traffic as the officer had been doing when Goff passed earlier. At the same time Goff approached the intersection, Officer Jarreau motioned to the Sarradet vehicle to proceed through the red light in order to get a wrecker in position to move the tractor-trailer which had a train blocked. As the Sarradet vehicle moved through the red light, Mrs. Sarra-det’s view was blocked by the vehicles in the left turn lane. As she emerged into the northbound traffic lanes of LA-1, her vehicle was struck by the Goff pickup truck.
Plaintiff had originally filed suit against Officer Jarreau, the Town of Brusly and their insurers. That claim was settled prior to trial.
The trial court found that the sole and proximate cause of the accident was the breach of duty owed by Officer Jarreau to safely direct traffic under the circumstances, and gave judgment in favor of Mr. and Mrs. Sarradet and their insurer dismissing plaintiff’s claim. LSA-R.S. 32:56(A)[1] and LSA-R.S. 32:231[2] impose a duty upon the operator of a motor vehicle to comply with any lawful order or directive of any police officer invested by law with the authority to direct, control or regulate traffic. This duty obtains, irrespective of the instructions or signals of a traffic control device. Marquis v. Hartford Accident & Indemnity Co., 40 So.2d 534, La.App. Orleans 1949.
*657 In the case at bar, the record clearly supports the lower court’s findings that defendants were not at fault in the accident. The court in its written reasons for judgment found that the proximate cause of the accident was the negligence of the police officer in failing to secure all four lanes of LA-1 and in failing to be more specific about where and to what extent he wanted Mrs. Sarradet to proceed.
Significantly, the trial court further found that plaintiff was aware of the existing hazard, having passed the ditched vehicle an hour earlier while travelling southbound; that although plaintiff had indeed observed the officer, the ditched vehicle and the wrecker upon his return to the area, he failed, nevertheless, to slow his vehicle or to take precautions consistent with the hazards presented. The court cited Sutter v. Travelers Insurance Company, 167 So.2d 517, La.App. 4th Cir., 1964, as further legal support for its ruling. We are persuaded that the lower court is eminently correct, both in its findings of fact and conclusions of law. There is no manifest error.
For the foregoing reasons, the decision of the lower court is affirmed at appellant’s costs.
AFFIRMED.

. A. No person shall fail or refuse to comply with any lawful order or direction of any police officer or weights and standards police officer invested by law with authority to direct, control, or regulate traffic.

. A. The driver of any vehicle shall obey the instructions of any official traffic-control device applicable thereto placed in accordance with the provisions of this Chapter, unless otherwise directed by a traffic or police officer, subject to the exceptions granted the driver of an authorized emergency vehicle in this Chapter.