STOKER, Judge.
This appeal involves various issues arising out of an intersectional collision.
The accident occurred in Abbeville on February 26, 1982 at the intersection of Camella Drive and the Highway 14 bypass. The bypass runs east to west. At this point there were no traffic signals, and the speed limit was 55 m.p.h. Camella Drive intersects the bypass from the south, and ends there. There is a stop sign on Camel-la Drive. Senior High Drive intersects the bypass from the north, somewhat east of Camella Drive, and it too has a stop sign. Because of the high school on Senior High Drive and the elementary school to the south of the bypass, traffic attempting to enter the bypass increases greatly at certain times of the day. The City’s Police Department stationed an officer at the intersection when school let out to ease the problem.
On the day of the accident Mr. and Mrs. Roger Stakes picked up their two young sons at the elementary school and headed north on Camella Drive. They stopped behind a Jeep at the stop sign. Officer Tony Hardy had halted traffic on the bypass, then signaled to the cars on Camella Drive to enter the intersection. The Jeep made a left turn, heading west, and Mr. Stakes proceeded to do the same. James Ottersta-ter, who was driving east on the bypass, failed to stop at the intersection and ran broadside into the Stakes’ vehicle. The Stakes family was taken by ambulance to the hospital, though only Mrs. Stakes and her 7-year-old son Gene were injured.
The Stakes sued Otterstater, the City of Abbeville and the DOTD for their parts in the accident. Various cross-claims and third party demands were filed by the defendants. The trial judge held Abbeville liable to the plaintiffs, but entered judgment in the City’s third party demand in favor of it and against the DOTD for 80% of the City’s liability. James Otterstater was dismissed on a directed verdict. Mrs. Stakes was awarded $115,000 in general damages and $23,872.75 for medical expenses. Gene was awarded $3,000 for general damages and $611.50 for special damages.
The City of Abbeville appeals the finding that its policeman was negligent, and the failure to find Mr. Stakes contributorily negligent. The DOTD also appeals, claiming that its administrative decision not to place signals at the intersection was entitled to great deference, and that the absence of the signal was not the proximate cause of the accident. As a protective measure the Stakes appeal the directed verdict in favor of Otterstater.
We feel that the trial court erred in finding the DOTD 80% liable. That department has the authority under LSA-R.S. 32:2 to “supervise and regulate all traffic on all highways within the state highway system,” including the power to “promulgate rules and regulations ... relative to highways and their construction, maintenance, and use, and the operation of vehicles and pedestrians thereon[.]” The DOTD presented an expert witness at trial who stated that traffic signals were not warranted at the accident site, as the volume of traffic did not meet the minimum standards found in the Manual of Uniform Traffic Control Devices. The manual provides no concrete standards for the establishment of school zones. In light of this evidence, we do not believe that it is within the realm of the courts to “second guess” the decision of the DOTD not to regulate traffic differently at this intersection. The department is uniquely qualified to survey the traffic situation, weigh the options and decide to reject certain of those options. We find no liability on its part in not erecting traffic signals nor establishing school zones in this case.
As we find no abuse of discretion, we are bound by the trial judge’s findings of fact. Thus, we must assume that Mr. Otterstater saw nothing as he approached the intersection which would indicate that *1095 he did not have the right of way. His failure to do so was not due to any fault on his part, but was a result of Officer Hardy’s improper control of the situation. We affirm the directed verdict in favor of Mr. Otterstater.
Likewise, we agree that Roger Stakes was not negligent. While the directions of a traffic officer do not completely relieve a motorist of all obligations, where a motorist slowly and carefully moves forward in compliance with the directions of a traffic officer, he cannot be charged with negligence. Sutter v. Travelers Ins. Co., 167 So.2d 517 (La.App. 4th Cir.1964), writ denied, 168 So.2d 823 (La.1964); Goff v. Sarradet, 394 So.2d 655 (La.App. 1st Cir.1980), writ denied, 399 So.2d 600 (La.1981). Mr. Stakes exercised the required degree of caution, and was warranted in proceeding into the intersection at Officer Hardy’s command.
The trial court found that “the City undertook to control this intersection by sending a police officer out there.... And in spite of his efforts, the police officer was obviously unable to properly direct and control that traffic at that intersection.” We agree with the DOTD that if Officer Hardy had not altered the normal flow of traffic, this accident would not have occurred, as the traffic on Camella would not have proceeded into the intersection before the traffic on the bypass had cleared. Therefore, we find the City of Abbeville 100% negligent in causing this accident.
In their “Answer to Appeal” the Stakes ask that the award of $115,000 to Mrs. Stakes be increased to $150,000. This request is not reiterated in their brief; indeed, their argument is limited to justifying the $115,000 award. None of the other parties place quantum at issue. Inasmuch as the Stakes concede that “[t]he decision of the Trial Judge is clearly within its discretion and the jurisprudence as regards the awards of such damages,” we affirm the award.
In conclusion, we find the City of Abbe-ville 100% liable for the damages suffered by the Stakes in this accident, and we affirm the awards made by the trial judge. All claims against the DOTD are dismissed. Costs of this appeal are assessed to the City of Abbeville.
REVERSED IN PART, AFFIRMED IN PART.